# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AUGUSTUS MILES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-10789** |
| **JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE** | **DIVISION (3)** **28 U.S.C. § 636(c)[1]** |

## ORDER AND REASONS

Before the Court is a Rule 12(b)(1) Motion to Dismiss  or Alternatively for Summary

Judgment  filed by the defendant, John E. Potter, in his official capacity as Postmaster General of

the United States Postal Service.  Plaintiff filed formal opposition and, at the conclusion of the oral

hearing, the matter was deemed submitted for determination. For the following reasons, the

defendant's Motion to Dismiss [Doc. # 8]  is GRANTED.

## I.  BACKGROUND

Plaintiff Augustus Miles ("Miles") was at all pertinent times an employee of the United

States Postal Service ("USPS") working as a carrier technician at the Marrero Station in Marrero,

Louisiana.   On December 5, 2006, Miles filed the captioned matter against the USPS, alleging on

the job discrimination and retaliation in violation of the federal sector portion of Title VII.  Plaintiff

further claimed a violation of the Family Medical Leave Act (FMLA) incorporating by reference

allegations and representations contained in his complaint and related documents submitted to the

---

[1]*See* Consent to Jurisdiction and Order of Reference signed May 17, 2007 [Doc. # 14].

USPS's EEO Dispute Resolution Office.[2]  Plaintiff's complaint is bereft of factual allegations and he fails to point to one adverse action, one denial of FMLA leave or any action tantamount to interference with his rights even as late as the time of the hearing, which occurred more than two months after the Government's motion to dismiss was filed.

The following facts are undisputed, to wit: (1) on April 28, 2006, the plaintiff contacted an EEO counselor initially for pre-complaint counseling, alleging race and gender discrimination; (2) *via* letter dated April 28, 2006, EEO Field Programs Manager Joseph R. Bruce acknowledging Miles request and enclosing PS Form 2564-A entitled "Information for Pre-Complaint Counseling" with instructions to return PS Form 2564-A within ten (10) calendar days of his receipt of the letter/forms; (3) on May 18, 2006, plaintiff was informed in writing that the request for counseling was being closed due to his failure to return a completed PS Form 2564-A along with other documents included in the April 26, 2006 packet; (4) on May 20, 2006, Miles wrote back requesting that his request for pre-complaint counseling be reinstated, citing the death of his Aunt and personal illness as reasons for not timely submitting his PS Form 2564-A and including medical documentation to corroborate his illness, together with the completed PS Form 2564-A along with other forms purportedly executed on May 8, 2006; (5) on June 14, 2006, the EEO office conducted an initial interview with Miles; (6) after completing initial inquiries with plaintiff's management chain and by letter dated July 14, 2006, plaintiff was (a) notified that EEO counseling was completed without resolution, (b) notified of his right to file a formal complaint, (c) provided the forms (PS Form 2579-A entitled "Notice of Right to File Individual Complaint" and PS Form 2565 entitled "EEO Complaint of Discrimination") and (d) instructed that he (Miles) had to complete, sign

_____

[2]*See* Plaintiff's Complaint at ¶ 8 [Doc. #1].

and return the forms within fifteen (15) days of his receipt of the letter, which USPS would presume to be received within five (5) calendar days (*i.e.*, July 19, 2006).[3]

Indeed, plaintiff enclosed a note which was also stamped received September 11, 2006 by the Southwest Area Appeals Center acknowledging his tardy filing, claiming he had not received the forms until "late in August" and further alleging that his "FMLA conditions left him incompasitated [sic]." [Doc. #8-5 p. 35 of 54].   *Via* affidavit, in support of his opposition, plaintiff reasserts the same reasons he used for his first tardy filing in May of 2006 (the death of a close family and impaired ability to function) as the reasons for this *second* tardy complaint sent September 9, 2006 (*i.e.*, well after the August 3, 2006 deadline).[4]   Plaintiff does not attempt to explain the one month delay in mail delivery from one point in the city to another.   Moreover, plaintiff fails to explain the delay in returning his application after the purported late delivery, notwithstanding ample warning that the Agency will presume that the July 14, 2006 Notice of Right to File Individual Complaint and information was received within five (5) calendar days after it was mailed.[5]

Plaintiff's signature on his EEO Complaint of Discrimination/PS Form 2565 *was dated*

---

[3]*See* Defendant's List of Undisputed Material Facts at ¶¶ 2-6 (and supporting affidavits/business records); *compare* Plaintiff's Statement of Contested Facts (disputing that he executed the PS Form 2565 on August 19, 2006, *albeit clearly signed and dated by Augustus Miles, Jr. on 8/19/06* and *not mailed until September 9, 2006 via* "2nd day" delivery).

[4]*See* Plaintiff's Affidavit at ¶ 7 [Doc. # 17-3]; *compare* Plaintiff's Letter dated May 30, 2006 (utilizing the same excuses  (death in the family and illness) for his failure to comply with explicit instructions to complete and return the executed PS Form 2564-A *within ten (10) calendar days*) [Doc. # 8-5/Exh. 1C p. 9 of 54; Doc. # 8-5/Exh. 1D  p. 10 of 54].

[5]*See* EEO Field Operations Correspondence to Augustus Miles re Case No. 4G-700-0088-06 dated July 14, 2006 [Doc. #8-5/Exh. 1E pp. 31 and 32 of 54].

"*8/19/06* " and the form was **mailed on September 9, 2006.**[6]  Plaintiff's signature on his Notice

of Right to File Individual Complaint/PS Form 2579-A was also dated "*8/19/06* " and similarly

**mailed on September 9, 2006.** [7]

On September 20, 2006, the agency issued a  Final Agency Decision (FAD), dismissing

Miles' complaint as untimely.[8]   More specifically, the agency's analysis and conclusion follows,

to wit:

> [P]art 29 C.F.R. 1614.105(d) requires the complainant and his/her representative [to]
> submit a written complaint to the appropriate agency official within 15 days of the
> date of the Notice of Right to File Individual Complaint.  The Notice of Right to file
> was mailed to you on July 14, 2006.  The Agency presumed the notice was received
> by you within five (5) calendar days after it was mailed.  You stated that you
> received the final interview in late August, and you did not file your formal
> complaint until September 9, 2006.  The Agency properly advised you that you had
> fifteen (15) days after receipt of your final interview to file you appeal.  In order to
> be timely, you would have had to file you appeal no later than August 4, 2006.  You
> have not offered adequate justification for an extension of the applicable time limit
> for filing you appeal.  Since you did not comply with the prescribed regulations
> noted above, your complain is dismissed in accordance with EEOC Regulations at
> § 1614.107(a)(2) as untimely.[9]

The FAD further advised Miles of his appeal rights, to wit:

---

[6]*See* EEO Complaint of Discrimination/PS Form 2565 in re Augustus Miles  Case No. 4G-700-0088-06 dated 8/19/06 by Miles [Doc. #8-5/Exh. 1F p. 33 of 54].

[7]*See* EEO Notice of Right to File Individual Complaint/PS Form 2579-A re Case No. 4G-700-0088-06 dated received by Miles on 8/19/06 [Doc. #8-5/Exh.1F p. 35 of 54]; Express Mail Tracking Slip No. EQ863477677US (noting 2nd day delivery, date accepted September 9, 2006 and date received September 11, 2006) [Doc. #8-5/Exh. 1F p. 46 of 54]; Acknowledgment Letter dated September 11, 2006 [Doc.#8-5/Exh. 1F pp. 48-49 of 54].

[8]*See* Final Agency Decision dated September 20, 2006 (noting that Miles' specific complaints were harassment (race/sex) from March 28, 2006 through May 24, 2006 and retaliation for prior EEO activity) [Doc. # 8-5/Exh. 1H pp. 50-54 of 54].

[9]*See* Final Agency Decision (FAD) dated September 20, 2006 [Doc. #8-5/Exh. 1H at p. 50 of 54].

**Right to File a Civil Action**

If you are dissatisfied with this final agency decision, you may file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of this decision. If you choose to file a civil action, that action should be captioned <u>Augustus Miles, Jr. v. John E. Potter, Postmaster General, U.S. Postal Service</u>. You may also request the court to appoint  an attorney for you and to authorize commencement of that action without prepayment of fees, costs , or security in such circumstances as the court deems just.  Your application must be filed within the same 90-day time period for filing a civil action.

**Appeal to the Equal Employment Opportunity Commission**

In lieu of filing a civil action, you may file an appeal with the Equal Employment Opportunity Commission (EEOC), Office of Federal Operations (OFO) ... utilizing the enclosed PS Form 3573, Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations.  Any supporting statement or brief must be submitted,  in duplicate to the EEOC within 30 calendar days of filing the appeal....[10]

On December 5, 2006, Miles filed the above captioned civil action.

In addition to the foregoing, there is no allegation that the defendant denied any FMLA-protected leave requested by Miles.  In this regard, Robin Albrecht, Family Medical Leave Act (FMLA) Coordinator for the United States Postal Service, Louisiana District submitted an affidavit detailing the applicable regulations and attaching business records maintained regarding FMLA requests for leave.[11]   Augustus Miles' FMLA file attached as Exhibit "1" to Albrecht's affidavit shows the following, to wit:

    a.      A gastroenterology condition form April 1, 2004 - April 6, 2005, Case ID No. 1103463.

    b.      A gastroenterology condition from March 30, 2005  to March 30, 2006, Case ID No. 16033364.

    c.      A gastroenterology and cardiology condition from April 19, 2006 - April 19, 2007, Case ID NO. 2475011.[12]

---

[10]*Id.* at p. 51 of 54.

[11]*See* Affidavit of Robin Albrecht dated March 26, 2007 [Doc. #8-6 pp. 1-19].

[12]*Id.*

Additionally, certifications dated March 31, 2005, May 1, 2006, and May 25, 2006 document the following medical conditions, to wit: irritable bowel syndrome, high blood pressure and high cholesterol.[13]

Miles supplemented his certification of his own accord in May of 2006 adding two new conditions (high blood pressure and high cholesterol). Moreover, it is uncontroverted that, prior thereto in 2004 and 2005, plaintiff updated his FMLA certifications as required. Plaintiff alleges no adverse action with respect to his FMLA status or that he was denied any FMLA leave. Suffice it to say, plaintiff's FMLA record corroborates the pleading void – *i.e.*, no denial of any FMLA benefit, no interference with his FMLA rights and no adverse action.

## II.  THE PARTIES' CONTENTIONS

The Government contends that this Court lacks subject matter jurisdiction over the plaintiff's claim. In this regard, the defendant contends that Miles' employment discrimination lawsuit is premised upon an improperly exhausted administrative complaint and that the circumstances clearly do not warrant the application of equitable tolling. Defendant further argues that it is entitled to judgment dismissing plaintiff's conclusory FMLA claim, because Miles does not allege denial of any FMLA benefit or adverse employment action and he cannot now in *good faith* amend his petition to state a claim under the Act.

Plaintiff counters that his recollection is that he actually signed the form on August 29, 2006 and not August 19, 2006 (i.e., the date indicated on <u>*both the forms signed/dated by Miles*</u> and mailed on September 9, 2006 to the Manager of the Southwest Area Compliance and Appeals of the United States Postal Service). Alternatively, plaintiff contends that equitable tolling concerns mandate

[13]*Id.*

6

denial of the defendant's motion to dismiss.

Miles complains that USPS EEO Officer Ronald Arcenaux was *incommunicado* during the critical period.  However, Miles fails to explain how any of the circumstances he has detailed *post facto* amount to affirmative misconduct by the defendant.  As to his FMLA claim, plaintiff simply suggests that he should be allowed to amend.  However, even at the time of the hearing, plaintiff could not advise the Court how he intended to cure the pleading abyss.

### III. APPLICABLE STANDARDS

### A. Motion to Dismiss

When ruling on a motion to dismiss, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the pleading party.[14]  The complaint should only be dismissed if it appears beyond doubt that the pleading party can prove no set of facts in support of the claims raised that would entitle him to relief.[15]  The question is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.[16]

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move to dismiss an action for lack of subject matter jurisdiction.  On a motion brought under Rule 12(b)(1), which the Court must consider before any other challenge,[17] the court must dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the

---

[14]*Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996).

[15]*See Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir.), *cert. denied,* 513 U.S. 868 (1994).

[16]*See Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999).

[17]*See Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994).

case."[18]

A Rule 12(b)(6) dismissal is proper where the plaintiff can prove no set of facts which entitle her to relief.[19]  Although there are exceptions to the mandate, generally a court should consider only the pleadings when deciding a Rule 12(b)(6) motion to dismiss.   When a court considers matters outside of the pleadings, Rule12(b) *generally* requires that the motion be treated as if it were one for summary judgment and that the matter be disposed of as provided in Rule 56.

The operative exception that permits the Court to consider extraneous documents is that they were submitted by the parties and explicitly referred to by the plaintiff in his pleadings.  Moreover, the documents are central to his claims.[20]   The Fifth Circuit has explicitly recognized that  a court may consider documents attached not only to the pleadings, but to the motion to dismiss under rule 12(b)(6).[21]  For this exception to apply, the documents must be referred to in the complaint and be integral and central to the plaintiff's claim.[22]

A main factor in directing courts to look solely toward the pleadings when deciding a  rule 12(b)(6) motion is the concern that statements outside of the complaint will not provide adequate notice to a plaintiff.[23]    Where, as here, the plaintiff has actual notice and has relied upon these

---

[18]*Home Builders Association of Miss. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks omitted).

[19]*See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom, Cloud v. United States*, 536 U.S. 960 (2002).

[20]*See Sheppard v. Texas Department of Transportation*, 158 F.R.D. 592, 596 (E. D. Tex. 1994).

[21]*See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,  498-99 (5th Cir. 2000).

[22]*Id.* at 499 (*quoting Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir.1993)).

[23]*See Sheppard*, 158 F.R.D. at 596 n. 7.

documents in framing the complaint, the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.[24]

### B.  Summary Judgment

The principal purpose of Fed. R. Civ. P. 56 is to "isolate and dispose" of factually unsupported claims.[25]  Summary judgment is proper where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact...."[26]  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.[27]

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[28]  A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.[29]  "In such a situation, there can be 'no genuine issue of material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[30]

---

[24]*See id.* (*citing Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 43 (2d Cir.1991), *cert. denied*, 503 U.S. 960 (1992)); *Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 872 n. 4 (W. D. Tex. 2001).

[25]*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

[26]Fed. R. Civ. P. 56(c).

[27]*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[28]*Celotex*, 477 U.S. at 323.

[29]*Nebraska v. Wyoming,* 507 U.S. 584, 590 (1993); *Celotex,* 477 U.S. at 323; *Wenner v. Texas Lottery Commission,* 123 F.3d 321, 324 (5th Cir.), *cert. denied,* 523 U.S. 1073 (1998).

[30]*Celotex,* 477 U.S. at 322-23.

The Court has no duty to search the record for triable issues.[31]  Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment.[32]  "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim."[33]  Conclusory statements, speculation and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment.[34]  "Summary judgment is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'"[35]

## IV.  LAW AND ANALYSIS

### A. Sovereign Immunity

It is well-settled that the United States government is immune from suit in federal court under the principle of sovereign immunity.[36]  Such immunity extends to the agencies and officers of the United States.[37]  The United States Postal Service is a federal agency, and the Postmaster, John E. Potter, is a federal officer.

---

[31]*Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[32]*Celotex,* 477 U.S. at 248-50;  *Abbot v. Equity Group, Inc.,* 2 F.3d 613, 619 (5th Cir. 1993).

[33]*Ragas*, 136 F.3d at 458 (emphasis added).

[34]*Id.*; *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996).

[35]*Little v. Liquid Air Corp*., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (*citing  Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir. 1993)).

[36]*See United States v. Mitchell,* 463 U.S. 206, 212 (1983); *United States v. Testan*, 424 U.S. 392, 399 (1976); *Shanbaum v. United States*, 32 F.3d 180, 181 (5th Cir. 1994).

[37]*See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2nd Cir. 1994); *Drake v. Panama Canal Commission,*  907 F.2d 532, 534 (5th Cir. 1990).

As a precondition to filing suit in federal court, Title VII specifically requires a federal employee claiming discrimination to exhaust his administrative remedies.[38]  The plaintiff must also file his complaint in a timely manner.[39]  If he fails to comply with either of these requirements then the court is deprived of jurisdiction over the case.[40]  The Court now turns to the issues of exhaustion and the applicability of equitable tolling.

### B. Administrative Exhaustion Requirement

The exhaustion of administrative remedies is a prerequisite to filing suit under Title VII in federal court.[41]  In order to exhaust administrative remedies, a plaintiff must comply with the EEO regulations set forth at 29 C.F.R. § 1614.105.  First, a federal employee claiming discrimination must contact an EEO counselor within forty-five days of the allegedly discriminatory incident.  29 C.F.R. § 1614.105(a)(1).  If the claim is not resolved at this stage, the EEO counselor has thirty days in which to notify the employee of his right to file a formal discrimination complaint with the employing agency.  29 C.F.R. § 1614.105(d).  The employee then has fifteen days from receiving this notice to file a formal complaint of discrimination.  29 C.F.R. § 1614.105(d).  If the employee fails to file his or her formal complaint within this fifteen-day period, the agency may dismiss the complaint.[42]  29 C.F.R. § 1614.107(a)(2).

---

[38]*See Brown v. General Servs. Admin.,* 425 U.S. 820, 832 (1976); *Randel v. U.S. Dept. of Navy,* 157 F.3d 392, 395 (5th Cir. 1998).

[39]*See Tolbert v. United States,* 916 F.2d 245, 247 (5th Cir. 1990).

[40]*Id.*

[41]*Morgan v. Potter,* 2007 WL 1620506 (5th Cir. June 6, 2007);  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir.2002).

[42]*See Morgan v. Potter,* 2007 WL 1620506 (5th Cir. June 6, 2007)(holding that "when an agency notifies a party of his or her right to sue, and includes in that notification a presumption of

If an employee fails to file a formal EEO complaint within fifteen days of receiving notice of his right to do so, he has failed to timely exhaust his administrative remedies, and he is therefore barred from pursuing his discrimination claim in federal court.[43]   However, the time limits for filing an EEO administrative complaint are subject to equitable tolling.[44]  29 C.F.R. § 1614.604(c).  The Fifth Circuit has identified a number of bases for equitable tolling, including (1) the pendency of a suit between the parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC or defendant misleading the plaintiff about his rights.[45]   A party who invokes equitable tolling bears the burden of demonstrating that it applies under the particular circumstances of the case.[46]

### C. Plaintiff's Failure to Timely Exhaust Administrative Remedies

Here, plaintiff concedes that technically he failed to exhaust his administrative remedies by filing his formal EEO discrimination complaint *more than* fifteen days after receiving notice of his right to file such a complaint.   Plaintiff acknowledged that his complaint was not timely filed. Plaintiff's post-hoc ruminations that he received notice in "late August" or "August 29, 2006" does not serve to controvert his EEO Complaint of Discrimination and Notice of Right to File Individual

---

receipt, that presumption will be upheld as long as it is reasonable").

[43]*Oaxaca v. Roscoe*, 641 F.2d 386, 388 (5th Cir.1981) (concluding that a federal court properly dismisses a claim where the plaintiff has failed to timely comply with administrative filing requirements); *see also Casimier v. U.S. Postal Serv.*, 142 Fed. Appx. 201, 204 n. 1 (5th Cir.2005) (finding that a plaintiff had failed to timely exhaust his administrative EEO remedies by failing to file a formal EEO complaint within fifteen days of receiving notice of his right to do so).

[44]*Oaxaca*, 641 F.2d at 391.

[45] *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir.2003).

[46]*Id.*

Complaint[47] which were *both dated August 19, 2006 and signed by the plaintiff* (*i.e*., more than 15 days prior to the date upon which he actually mailed his EEO Complaint and Notice to the Southwest Area Appeals Center).   Plaintiff cannot create a genuine issue of fact simply by contradicting his own prior EEO complaint with a later filed affidavit without explaining the apparent contradiction or attempting to resolve the disparity.[48]

Alternatively, plaintiff asserts that equitable tolling should apply to his case, citing two primary reasons for his delay in submitting his formal complaint.  First, Miles contends that he was unable to contact USPS EEO Officer Ronald Arcenaux, who was *incommunicado* during the critical period.  Plaintiff also contends that he was incapacitated and a death in the family prevented him from timely filing his EEO complaint.

Plaintiff's purported justifications for equitable tolling are unavailing.  The doctrine of equitable tolling is sparingly permitted and may be invoked when: (1) the claimant actively pursued his judicial remedies in the prescribed time period; (2) he was induced or tricked by his adversary's misconduct into allowing the deadline to pass; (3) the court leads a plaintiff to believe that he has done all that is required; (4) the plaintiff has received inadequate notice; or (5) when a motion for the appointment of counsel is pending.[49]

It is apparent from the face of the EEO complaint that it was completed by Miles no later

---

[47]*See* Government Exh. 1F at pp. 33 and 25 of 54.

[48]*See e.g., Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806 (1999) (collecting cases); *Voisin v. Georgia Gulf Corp.,* 245 F. Supp. 2d 853, 858 (M. D. La. 2002).

[49]*See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990); *Teemac v. Henderson,* 298 F.3d 452, 457 (5th Cir. 2002); *South v. Saab Cars USA, Inc.,* 28 F.3d 9, 11-12 (2nd Cir. 1994); *Rowe v. Sullivan,* 967 F.2d 186, 192 (5th Cir. 1992); *Templeton v. Western Union Telegraph Co.,* 607 F.2d 89, 90 (5th Cir. 1979).

than August 19, 2006.  Having completed the formal EEO complaint, the only task remaining was to place the complaint in the mail. While Miles may have been restricted from performing any work himself during the pertinent time frame, he has failed to explain why the complaint could not have been timely placed in the mail.  At no point does plaintiff attempt to explain the delay between July 14, 2006 and September 9, 2006 (*i.e.*, the date upon which he mailed his EEO complaint "2nd day delivery").   At best, plaintiff's case is one of "excusable neglect."  However, "excusable neglect" is insufficient to justify equitable tolling.[50]

Plaintiff's argument that the defendant had notice of Plaintiff's claims is similarly unavailing. That the United States Postal Service had notice of claims and made no offer of resolution does not nullify the administrative requirements of 29 C.F.R. § 1614.105, nor does it justify equitable tolling. Rather, equitable tolling applies only in "rare and exceptional circumstances " and  "principally where the plaintiff is actively misled by either the defendant of the EEOC about the cause of action or is prevented in some extraordinary way from asserting his rights."[51]

 Plaintiff has failed to show that he was misled about his cause of action or the deadline for filing his formal EEO complaint.  Miles has also failed to demonstrate the existence of any other *exceptional* circumstances.   A plaintiff is required to pursue his administrative remedies with diligence and failure to cooperate in the administrative process prevents exhaustion and precludes judicial review.  The rule regarding *de novo* review of the merits of the plaintiff's employment discrimination claims only takes effect after the aggrieved employee has exhausted his

---

[50]*See, e.g.*, *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir.2002) (internal quotations omitted).

[51]*Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir.2002) (internal citation and quotations omitted).

administrative remedies.  Exhaustion is a precondition to filing suit in a case involving a federal employee.[52]

For obvious reasons, courts do not allow a federal employee who wishes to pursue Title VII claims to ignore the administrative procedures. Most notably, Miles' rights were clearly explained at every turn, both orally and in writing.  No government official provided any misinformation to plaintiff which prompted him to delay placing his EEO complaint in the mail.  Because plaintiff's EEO complaint was <u>not</u> timely filed and equitable tolling does <u>not</u> under the circumstances presented, plaintiff's Title VII claims must be DISMISSED WITH PREJUDICE.

### D. Conclusory Family and Medical Leave Act (FMLA) Violations

The FMLA provides two theories of recovery: the entitlement theory, which creates substantive rights for employees eligible for the coverage of the FMLA, and the retaliation theory, which prohibits employers from retaliating against employees who exercise their FMLA rights.[53] Miles pleads neither theory of recovery.

To establish a *prima facie* case of discrimination or retaliation under the FMLA, Miles must show that: (1) he is protected under the FMLA; (2) he suffered an adverse employment decision; and (3) either (a) he was treated less favorably than an employee who had not requested leave under the

---

[52]*See Randel v. U.S. Dept. of Navy,* 157 F.3d 392, 395 (5th Cir. 1998) (holding that a federal employee must exhaust his administrative remedies under Title VII as a precondition to filing suit in federal court and that a failure to do so deprives the federal court of jurisdiction); *Barnes v. Levitt,* 118 F.3d 404, 408 (5th Cir. 1997).

[53]29 U.S.C. § 2612(a)(1) (sets forth the entitlement to FMLA leave); 29 U.S.C. § 2614(a) (provides for the restoration to original or equivalent position); 29 U.S.C. § 2615(a) (prohibits interference with the exercise of FMLA rights).  *See also Lubke v. City of Arlington,* 2003 WL 22466200, at * 3, * 6 (N. D. Tex. Sept. 9, 2003).

FMLA, or (b) the adverse decision was made because of plaintiff's request for leave.[54]   If plaintiff had pled a *prima facie* case, the burden would shift to the defendant to articulate a legitimate non-discriminatory or non-retaliatory reason.  If the defendant satisfies that burden, Miles must then show by a preponderance of the evidence that the reason is a pretext for discrimination or retaliation.

Plaintiff's allegations are that (1) he was told he had to get re-certified, (2) he signed out for sick leave twice in May of 2006 which caused angst amongst his supervisors over having to cover his work load and (3) having "called in" FMLA sick leave on his day off, Miles had to sign a leave slip on May 23, 2006 accounting for the requested FMLA sick leave period.  Miles does not assert an interference claim because there is no allegation that sick leave or any FMLA benefit was denied. As to retaliation, there is no allegation of *any* adverse employment decision resulting from plaintiff's FMLA participation.  Miles never administratively alleged any sort of adverse consequence which enured to his detriment on account of his FMLA activity,  thus he fails to state a *prima facie* case under either the theory of entitlement or retaliation.

In his memorandum in opposition to the Motion to Dismiss, plaintiff did not suggest how he intends to cure the pleading deficiencies.  Defendant's motion to dismiss had been pending for more than two (2) months at the time that the defendant's motion was heard in open court. There was nothing in the plaintiff's EEO complaint about having being denied FMLA leave and there is no allegation in either his federal complaint or the EEO complaint that he was somehow penalized for exercising his FMLA rights.  At the time of the hearing, plaintiff's counsel could not divine how plaintiff could in good faith cure the FMLA pleading abyss if presented the opportunity to amend. At no time has plaintiff ever contended that the defendant ceased paying him, demoted him, denied

---

[54]*Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir.1998).

him any benefit or treated him unfavorably for exercising his rights under the FMLA.

All that remains is the plaintiff's subjective perception that his supervisors retaliated against him for having taken FMLA leave, which is inadequate to stave off the defendant's motion pursuant to Rule 12(b)(6) and alternatively for summary judgment.  Miles cannot now in good faith make out a *prima facie* case of discrimination or retaliation under the FMLA.

For all of the foregoing reasons, defendant's motion to dismiss and, alternatively, for summary judgment should be GRANTED dismissing the plaintiff's conclusory FMLA claims.

Accordingly,

**IT IS ORDERED** that the Defendant's Motion to Dismiss #8  is GRANTED and the plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 28th day of June, 2007.


**DANIEL E. KNOWLES, III**
**UNITED   STATES   MAGISTRATE   JUDGE**

17